**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4112**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

WILLIAM T. WARE,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:18-cr-00242-1)

———————————

Submitted:  August 14, 2024                Decided:  August 21, 2024

———————————

Before WILKINSON, AGEE, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Emily L. Szopinski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While serving a term of supervised release, William T. Ware violated the conditions of release by possessing and using controlled substances, failing to notify the probation officer about a change in residence, and failing to participate in substance abuse programs. The district court revoked Ware's term of supervised release and sentenced him to 12 months' imprisonment followed by a 24-month supervised release term with a special condition requiring Ware to serve 9 to 12 months of his supervised release term in a residential substance abuse program. Ware appeals the revocation sentence, arguing that it is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences," but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "[I]f a sentence is either procedurally or substantively unreasonable," we then address "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

2

Although Ware only challenges the substantive reasonableness of his revocation sentence, in conducting our review, we must also consider the procedural reasonableness. *Patterson*, 957 F.3d at 436. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). When fashioning an appropriate revocation sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. (2018); *see United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). The district court must, at a minimum, explain the sentence sufficiently to permit meaningful appellate review "with the assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (cleaned up). Our review of the record on appeal convinces us that Ware's sentence is procedurally reasonable.

"A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant

3

should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). Ware argues that imposing a 12-month term of imprisonment and a 24-month supervised release term with the special condition requiring Ware to complete a 9- to 12-month inpatient substance abuse treatment program while on supervision rendered his sentence procedurally unreasonable. He notes that the Government requested a term of imprisonment within the policy statement range and that he requested to continue on supervision in order to obtain long term inpatient substance abuse treatment and maintains that the sentence imposed by the district court was more severe than either party requested.

Ware does not challenge per se the special condition requiring him to participate in an inpatient substance abuse program. Rather, he acknowledges that he specifically requested placement in an inpatient drug rehabilitation program but did so as an alternative to—not in addition to—a term of imprisonment. He concedes on appeal that a term of incarceration was required, *see* 18 U.S.C. § 3583(g) (setting forth circumstances mandating revocation of supervised release for possession of controlled substance), but argues that a much shorter term would have addressed his breach of the court's trust and enabled him to proceed more quickly to substance abuse treatment. He maintains that placing him in a 9- to 12-month residential treatment program as a special supervised release condition after requiring him to complete a 12-month prison term essentially amounted to nearly two years of confinement.

The court announced that it imposed the 12-month term of imprisonment after considering the relevant § 3553(a) factors, the nature of Ware's supervised release violations, and the arguments of the parties. In explaining the supervised release term and

4

the special condition requiring inpatient substance abuse treatment, the district court noted that the probation officer attempted multiple times to provide Ware with substance abuse treatment and adequate housing. Ware's initial supervised release term commenced on October 31, 2023. The court observed that between November 1, 2023, and January 10, 2024, Ware was terminated from three separate community programs—including a substance abuse program mandated by the conditions of his supervised release—possessed synthetic cannabinoids and crack cocaine, and admitted to substance abuse. Additionally, the court considered that Ware failed to inform his probation officer when he was terminated from one of the programs.

Ware attributed his violations to substance abuse and homelessness. The district court opined that the best way to prevent recidivism would be for the court to help Ware fight his drug abuse. In considering Ware's history, the court observed that Ware's supervised release was revoked in an earlier federal case based on his possession, use, and trafficking of controlled substances. The court remarked that Ware exhibited a lack of respect for authority and a continuing willfulness to breach the court's trust. Stating that it carefully considered whether to impose a new term of supervised release and taking into account the short time between Ware's release from custody and his violations of the terms of supervised release, the court decided that an additional 24-month term of supervised release that included the special condition requiring Ware to spend 9 to 12 months in a residential substance abuse program would help Ware transition back into society and protect the public.

5

The court reiterated that this sentence was sufficient but not greater than necessary to meet the goals of a revocation sentence and was tailored to deter Ware from further violations, protect the public, provide drug treatment, and avoid unwarranted sentencing disparities between Ward and others similarly situated. The court's reasons were rooted in several § 3553(a) factors listed in § 3583(e)—"the need to afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," "provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner," and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(2)(B)-(D), (6); *see id.* § 3583(e). And the court explained that the sentence addressed Ware's breach of the court's trust. We conclude that, under the totality of the circumstances, the district court provided appropriate grounds for imposing the sentence Ware received. *Coston*, 964 F.3d at 297.

Because the district court acted within its discretion by sentencing Ware to 12 months' imprisonment and in imposing a 24-month term of supervised release that included the special condition that Ware serve 9 to 12 months in a residential substance abuse treatment program, we conclude that Ware's sentence is procedurally and substantively reasonable. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*